## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-cv-81494-DMM

JOHN J. MULVANEY, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiffs,

v.

THE GEO GROUP, INC., GEORGE C.
ZOLEY, BRIAN R. EVANS, JOHN
HURLEY, and DAVID DONAHUE,

        Defendants.

_____/

### DEFENDANTS GEORGE C. ZOLEY, BRIAN R. EVANS, JOHN HURLEY AND DAVID DONAHUE'S MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants George C. Zoley ("Zoley"), Brian R. Evans ("Evans"), John Hurley ("Hurley") and David Donahue ("Donahue") (Zoley, Evans, Hurley and Donahue, collectively "Individual Defendants"), pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), move to dismiss the Amended Class Action Complaint [DE 54] ("Amended Complaint") filed by Lead Plaintiffs Brian A. Hellings and the Ann Hellings 2012 Trust ("Plaintiffs").

### I.    INTRODUCTION AND BACKGROUND

Zoley is the Chief Executive Officer and Chairman of the Board of Defendant The GEO Group, Inc. ("GEO Group").  Am. Compl. ¶ 21.  Evans is GEO Group's Chief Financial Officer. *Id.* ¶ 22.  Hurley is GEO Group's Senior Vice President of Operations, and was President of GEO Corrections and Detentions until February 2016.  *Id.* ¶ 23.  Donahue has served as

President of GEO Corrections and Detentions since February 2016.  *Id.* ¶ 24.  GEO Group specializes in the ownership, leasing and management of correctional, detention, and reentry facilities and the provision of community-based services and youth services not only in the United States, but in Australia, South Africa, the United Kingdom, and Canada as well.  *See Id.* ¶ 2; *see also* GEO Group's SEC Form 10-K for the fiscal year ended December 31, 2015, attached as Exhibit 1 to Defendant GEO Group's Motion to Dismiss Plaintiffs' Amended Class Action Complaint and Incorporated Memorandum of Law ("GEO Group's Motion to Dismiss"), at p. 4 [DE 65].[1]  GEO Group conducts business through four separate segments:  U.S. Corrections & Detention;  GEO Care (f/n/a Community Services);  International Services;  and Facility Construction and Design.  *See* GEO Group's Mot. to Dismiss, Exhibit 1 at p. 4.

Plaintiffs filed a two-count, putative class action Amended Complaint [DE 54].  Count I attempts to allege violations of Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") against GEO Group and the Individual Defendants.  Count II seeks to hold the Individual Defendants secondarily liable under Section 20(a) of the Exchange Act for GEO Group's alleged violations.

As more fully set forth in GEO Group's Motion to Dismiss (which the Individual Defendants incorporate by reference into this Motion as if fully set forth herein), the Amended Complaint is a baseless strike suit entirely devoid of sufficiently pled facts to establish any violation of the Exchange Act.  The Amended Complaint takes several truthful, forward-looking statements from GEO Group's SEC quarterly and annual filings and then claims, murkily, that those statements are false or that GEO Group omitted material facts, based entirely on an August

---

[1]   It is well-settled that on a motion to dismiss a securities fraud action, the Court is free to consider any public records and documents, including SEC filings, that are central to a plaintiff's claims or referred to in the Complaint.  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1287 (11th Cir. 1999).

**GUNSTER**
ATTORNEYS AT LAW

18, 2016 United States Department of Justice ("DOJ") memorandum to the United State Bureau of Prisons ("BOP"), announcing a sudden change in policy that might affect private correction facility contractors such as GEO Group.  The DOJ's memorandum announced that it was directing BOP to seek to curtail, over time, its use of private contractors to manage any reduction in the federal prison population.  However, and fatal to Plaintiffs' claims, the Plaintiffs failed to acknowledge highly relevant, detailed disclosures that negate Plaintiffs' allegations in the very SEC filings upon which the Plaintiffs rely.  In essence, these disclosures alerted Plaintiffs and other actual or potential investors that:

- GEO Group was dependent on revenues derived from contracts with a limited number of government agencies, including federal agencies;

- GEO Group was exposed to risk of loss of those government contracts due to terminations, non-renewals, or competitive re-bids;

- The detention industry is highly regulated and GEO Group might not always successfully comply with the regulations, which could result in non-renewal or termination of government contracts;

- Negative publicity regarding, among other things, "perceived conditions" at its facilities might make it more difficult to renew contracts; and

- Changes in the prospects for renewing government contracts could adversely affect GEO Group's stock price.

*See* GEO Group's Mot. to Dismiss, Exhibit 1 at pp. 23; 32-36; 43-44.

In other words, GEO Group disclosed the very risk to its stock price that the Plaintiffs now accuse GEO Group and the Individual Defendants of hiding: the possibility that a reduction in the federal government's reliance on private detention facility operators could adversely affect

its business and hence its stock price.  These disclosures render Plaintiffs' claims entirely specious.  Therefore, dismissal of Count I of the Amended Complaint is appropriate.

Further, and because Plaintiffs fail to state a claim for a primary violation of the Exchange Act, the Court should also Dismiss Count II (for secondary "control person" liability as to the Individual Defendants).  Dismissal is also appropriate because Count II fails to plead sufficient facts to establish that any of the Individual Defendants had the power to control GEO Group's business affairs generally or the  dissemination of the alleged false and misleading statements specifically as to the alleged cover-up of the shift in government policy on private prisons.

Finally, dismissal is warranted for the independent reason that the Amended Complaint (Plaintiffs' "second bite at the apple") is an impermissible "shotgun pleading."

## II.    MEMORANDUM OF LAW

### A.    For the Reasons Set Forth in GEO Group's Motion to Dismiss, the Court Should Dismiss Count I as to the Individual Defendants

As noted, Count I seeks to hold all named defendants, GEO Group, Zoley, Evans, Hurley and Donahue directly liable for alleged violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.  GEO Group has moved to dismiss, based on Plaintiffs' failure to state a claim for securities fraud under the heightened requirements of the PSLRA and Federal Rule of Civil Procedure 9(b).  GEO Group's Mot. to Dismiss at 12-13.  GEO Group's Motion to Dismiss establishes that the Amended Complaint fails to plead the elements of securities fraud with sufficient particularity, chiefly the elements of fraud and materiality.  *Id.* at 14-15.  GEO Group's Motion to Dismiss also establishes that the various statements cited by Plaintiffs as false, particularly with reference to GEO Group's reliance on federal government contracts, were actually true.  *Id.* at 15-20.  Additionally, GEO Group's Motion to Dismiss establishes that GEO

**GUNSTER**
ATTORNEYS AT LAW

Group's disclosures in its 10-K filings during the relevant "class period" alerted investors to the very risk that Plaintiffs now complain occurred: a drop in stock price based on the risk that the federal government might curtail its reliance on private correctional facility contractors like GEO Group. *Id.* at 20-21.

GEO Group's Motion to Dismiss also establishes that the Amended Complaint must be dismissed because it fails to plead facts sufficient to support the required "strong inference of scienter." GEO Group's Mot. to Dismiss at 21-23 (citing, among other decisions, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), and *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1240 (11th Cir. 2008) (with respect to the Amended Complaint's allegations relative to the Plaintiffs' "confidential" witnesses). Of particular relevance to the instant Motion on behalf of Individual Defendants, GEO Group accurately recited the Amended Complaint's only attempt at pleading facts to establish scienter:

> 159.    By virtue of their positions at GEO, defendants had actual knowledge of the materially misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiffs and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially misleading nature of the statements made, although such facts were readily available to defendants. Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.
>
> 160.    Defendants were personally motivated to omit material information necessary to make the statements not misleading in order to personally benefit from the sale of GEO securities from their personal portfolios.
>
> 161.    Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control. As the senior managers and/or directors of GEO, the Individual Defendants had knowledge of the details of GEO's internal affairs.

Am. Compl. ¶¶ 159, 160, 161.  These limited allegations are wholly inadequate to establish scienter on the part of the Individual Defendants.  *See, e.g., Jiangbo Pharm. Inc., Sec. Litig.*, 884 F. Supp. 2d  1243, 1261 (S.D. Fla. 2012);  *Hubbard v. BankAtlantic Bancorp, Inc.*, 625 F. Supp. 2d 1267, 1286 (S.D. Fla. 2008) ("[M]ere allegations that Defendants held senior management positions, had access to inside information, and therefore, must have known of the falsity of certain statements is insufficient to plead scienter."  (quoting *In re Smith Gardner Sec. Litig.*, 214 F. Supp. 2d 1291, 1303 (S.D. Fla. 2002))); *see also In re: Sunterra Corp. Sec. Litig.*, 199 F. Supp. 2d 1308, 1324 (M.D. Fla. 2002) ("In essence, the Amended Complaint merely alleges that these Defendants 'must have known' because of the CEO and CFO positions that they held, and such pleading does not pass muster under the PSLRA.").

Similarly, GEO Group's Motion to Dismiss establishes that Plaintiffs' reliance upon the statements of "confidential" witnesses who were formerly employed by the GEO Group (Amended Compl., ¶¶54-65) is as unavailing as it is misplaced.  GEO Group's Mot. to Dismiss at 23-27. Specifically, Plaintiffs' confidential witness allegations claim that the GEO Group's executive officers received regular reports of subpar conditions and non-compliance with BOP management contracts at the Company's correctional facilities, but failed to either correct these alleged problems or publicly disclose their existence.  Am. Compl.  ¶¶54-65.  These alleged statements either do not support a strong inference of scienter in this case or are entitled to no credence because the Amended Complaint fails to include the critical particulars that the PSLRA requires of confidential witness allegations.  GEO Group's Mot. to Dismiss at 23-24 (citing *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1240 (11th Cir. 2008) and *Mogensen v. Body Central Corporation*, 15 F. Supp. 3d 1191 (M.D. Fla. 2014)).  In this regard, the Amended Complaint fails because none of the Plaintiffs' confidential witnesses provides any facts evidencing the Defendants' knowledge or reckless disregard of information contradicting the GEO Group's public statements, much less

**GUNSTER**

**ATTORNEYS AT LAW**

any evidence the Defendants were aware of – but failed to disclose – the risk that the DOJ would abruptly change its policy regarding private correctional facilities.

GEO Group's Motion to Dismiss further establishes that the Plaintiffs' claims are barred because they are based solely on protected forward-looking cautionary statements entitled to "Safe Harbor" under the PSLRA, and that Plaintiffs' addition of a boilerplate language to the Amended Complaint, seeking to deny the forward-looking nature of the GEO Group's public statements, is futile.  GEO Group's Mot. to Dismiss at 27-28.  Finally, GEO Group's Motion to Dismiss establishes that Plaintiffs' claims are barred for failure to plead loss causation.  GEO Group's Mot. to Dismiss at 19-20.

In short, all the arguments set forth in GEO Group's Motion to Dismiss equally support dismissal of Count I as to the Individual Defendants.  Accordingly, the Individual Defendants adopt and incorporate by reference the entirety of GEO Group's Motion to Dismiss in support of their instant Motion to Dismiss Count I of the Complaint.

**B.**     **Because the Amended Complaint Fails to State a Claim for Any Primary Violation of the Exchange Act, the Court Should also Dismiss Count II, Secondary "Control Person" Liability as to the Individual Defendants**

Count II seeks to hold the Individual Defendants secondarily liable for the GEO Group's alleged violations of the Exchange Act.  Am. Compl. ¶¶ 166-171.  Section 20(a) of the Exchange Act imposes secondary liability on certain "control persons" for primary violations of Section 10(b) by a "person liable," *i.e.*, the issuer of securities.  *See Laperriere,* 526 F.3d at 721.  To state a claim for secondary liability, however, a plaintiff must plead a primary violation in accordance with the requirements of the PSLRA and Rule 9(b) or be subject to dismissal.  *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because [plaintiff] failed to adequately plead a violation of § 10(b) and Rule 10b-5 by Home Depot, Inc., its § 20(a) control-

person claims against the individual defendants necessarily fail as well"). Thus, when the primary violation fails, there can be no Section 20(a) liability. Here, because Plaintiffs have not adequately pled a primary violation by the issuing company, GEO Group, the Section 20(a) claim against the individual defendants, Zoley, Evans, Hurley and Donahue necessarily fails as well. *See In re Royal Caribbean Cruises Ltd. Sec. Litig.*, 1:11-22855-CIV, 2013 WL 3295951, at *19 (S.D. Fla. Apr. 19, 2013) ("The viability of a Section 20(a) claim is dependent on the successful pleading of a primary violation under Section 10(a) . . . As the Court has determined Plaintiffs have not adequately pled their substantive securities allegations, the secondary liability claim is also properly dismissed.")

> **C.** **Count II Fails to State a Claim Under Section 20(a) Against the Individual Defendants**

Additionally, Plaintiffs' Section 20(a) claim also fails as to the Individual Defendants because Plaintiffs do not plead sufficient facts to establish that any of the Individual Defendants had the power to control GEO Group's business affairs generally or the dissemination of the alleged false and misleading statements specifically as to the alleged cover-up of the shift in government policy on private prisons.

Control requires that an individual be in "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through ownership of voting securities, by contract, or otherwise." *Laperriere v. Vesta Ins. Grp., Inc.*, 526 F.3d 715, 723 (11th Cir. 2008) (quoting 17 C.F.R. § 230.405) (internal quotation marks omitted). To plead control under Section 20(a), a plaintiff must do more than restate a legal conclusion of control. *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 166 (S.D.N.Y. 2012) ("[C]onclusory allegations of control are insufficient as a matter of law."); *In re*

*Global Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910(GEL), 2005 WL 1907005, at *12 (S.D.N.Y. Aug. 8, 2005).

Here, the Amended Complaint fails to adequately allege facts to support that each individual asserted control for purposes of liability under Section 20(a).  Rather, the Amended Complaint attempts to lump all four Individual Defendants into a status of "controlling persons" by means of boilerplate allegations that they were "officers and/or directors" who, "because of their senior positions, . . . knew the adverse non-public information about GEO Group's BOP contracted facilities."  Am. Comp. ¶¶ 167-171.  The Amended Complaint, however, fails to supply any detail as to how each Individual Defendant controlled GEO Group and the dissemination of the alleged false information.

As to defendant Hurley, the principal allegation is that, during various investor conference calls, he made basic statements regarding GEO Group's relationships with government agencies coupled with clearly forward looking statements about the company's outlook.  *See, e.g.,* Am. Compl. ¶¶ 76.  Those statements mirrored statements in the various SEC filings, but in no way establish any separate control by Hurley over the management of the company or the alleged false statements.  Further, defendant Hurley is not alleged to have had any involvement in the alleged fraudulent activity after an earnings call on November 5, 2015, at which time, at most, defendant Hurley again made general statements about GEO Group's business and relationships with BOP that were consistent with GEO Group's SEC filings.  That call was more than nine months before the DOJ memorandum announcing a possible change in the government's reliance upon private prisons.

As to defendant Donahue, the principal allegation is that he took over defendant Hurley's role in February 2016 and, in that capacity, made statements in investor conference calls about

9

**GUNSTER**

ATTORNEYS AT LAW

GEO Group's business that were consistent with its SEC filings.  *See, e.g.,* Am. Compl.  ¶ 115. There is no fact alleged that would elevate Donahue's reciting basic facts about GEO Group's business to the point where the Court could find that Donahue thereby controlled GEO and controlled the alleged false statements at issue.

As to defendants Zoley and Evans, the Amended Complaint alleges, for the most part, that that these defendants signed the various SEC filings made by GEO Group, and that as to defendant Zoley, he was a "hands-on" CEO.  Nowhere does the Amended Complaint allege any specific facts to establish that either defendant effectively controlled GEO Group and the alleged false statements.  At most, these defendants are alleged to have done their jobs on behalf of the company.  Therefore, Count II should be dismissed.

### D.     The Amended Complaint Should be Dismissed as a "Shotgun Pleading"

A complaint is considered a "shotgun pleading" where it is drafted in such a manner that each succeeding count incorporates by reference not only the paragraphs contained in the complaint's preliminary allegations, but also all of the paragraphs contained in each of the preceding counts.  *See Sigler v. Bradshaw*, 13-80783-CIV, 2015 WL 1044175, at *4 (S.D. Fla. Mar. 10, 2015) ("A 'shotgun' pleading is one in which each count incorporates all allegations of every previous count, regardless of relevancy.") (*citing Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir.2006); *U.S. ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1354, fn. 6 (11th Cir.2006) ("Atkins's complaint is a typical shotgun pleading. Sixty-eight paragraphs precede Count One, which incorporates those paragraphs and adds 10 paragraphs. Count Two incorporates Count One and adds six paragraphs. Count Three incorporates Count Two and adds eight paragraphs. Count Three, by incorporating Count Two's conspiracy allegations, alleges that in addition to jointly and severally defrauding the United States, the defendants conspired to do

so.")).   Courts in this Circuit frown upon and dismiss shotgun pleadings for failure to comply

with federal pleading requirements.  *See Coronel v. Miami-Dade County*, 2013 WL 2991062, at

\*3 (S.D. Fla. 2013) (dismissing amended complaint with prejudice, holding that amended

complaint was a shotgun pleading that violated Fed. R. Civ. P. 8(a)(2)); *see also Magluta v.*

*Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (dismissing a complaint on the basis of shotgun

pleadings when each count applied to each of the named defendants, the large number of general

allegations incorporated into each count, and a complete disregard for Rule 10(b) of the Federal

Rules of Civil Procedure); *Mayer v. Capital One Servs*., 2007 WL 1879541, at \*1 (S.D. Fla.

2007) (dismissing complaint on the basis of shotgun pleadings when plaintiff incorporated a

claim against one defendant into a claim against a second defendant); *and Liebman v. Deutsche*

*Bank Nat. Trust Co.*, 2012 WL 577342 (11th Cir. 2012).  In the *Liebman* case, the United States

Court of Appeals for the Eleventh Circuit affirmed the dismissal of a shotgun complaint

explaining:

> We have routinely condemned "shotgun" pleadings. *Davis v. Coca–Cola Bottling*
> *Co. Consol.,* 516 F.3d 955, 979 & n. 54 (11th Cir.2008). A "shotgun pleading" is
> a pleading that "incorporate[s] every antecedent allegation by reference into each
> subsequent claim for relief or affirmative defense." *Wagner v. First Horizon*
> *Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir.2006).  Shotgun pleadings make it
> "virtually impossible to know which allegations of fact are intended to support
> which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,*
> 77 F.3d 364, 366 (11th Cir.1996).

*Liebman v. Deutsche Bank Nat. Trust Co.*, 2012 WL 577342 at \*2 (11th Cir. 2012).

Here, Count II of the Amended Complaint repeats and realleges each allegation,

including every allegation in Count I, as if though fully stated therein.  Am. Compl. ¶ 166.  This

pleading violation is more than technical, because Count II attempts to hold individuals liable for

the actions of their employer, and by established law requires identifiable, independent action by

those individuals to support their individual liability.  Here, by means of a shotgun pleading,

**GUNSTER**
**ATTORNEYS AT LAW**

each and every Individual Defendant would be held liable for the actions of the company and of each of the other Individual Defendants. Accordingly, Plaintiffs' Amended Complaint constitutes an impermissible shotgun pleading, and should be dismissed.

## III.   CONCLUSION

For the reasons set forth above, and for the reasons set forth in GEO Group's Motion to Dismiss, Defendants Zoley, Evans, Hurley and Donahue respectfully request that the Court dismiss the Complaint in its entirety, with prejudice, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ William K. Hill*
William K. Hill
Florida Bar No. 747180
whill@gunster.com
George S. LeMieux
Florida Bar No. 16403
glemieux@gunster.com
Jorge D. Guttman
Florida Bar No. 015319
jguttman@gunster.com
**GUNSTER**
600 Brickell Avenue, Suite 3500
Miami, Florida 33131
Tel:  (305) 376-6092
Fax:  (305) 376-6010
*Counsel for Defendants George C. Zoley*
*Brian. R. Evans, John Hurley, and David Donahue*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served on all counsel of record identified on the attached Service List, via

transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                      */s/ William K. Hill*
                                                      William K. Hill

**GUNSTER**
**ATTORNEYS AT LAW**

## SERVICE LIST

CASE NO. 9:16-cv-81494-DMM

Jayne A. Goldstein
jagoldstein@pomlaw.com
POMERANTZ, LLP
1792 Bell Tower Lane, Suite 203
Weston, Florida 33326
Telephone:  (954) 315-3454
Facsimile:  (954) 315-3455
*Counsel for Plaintiffs, [Proposed] Lead Plaintiffs, Brian A. Hellings and the Ann Hellings 2016 Trust, and [Proposed] Lead Counsel for the Class*

Jeremy A. Lieberman
jalieberman@pomlaw.com
J. Alexander Hood, II
ahood@pomlaw.com
Marc C. Gorrie
mgorrie@pomlaw.com
Tamar A. Weinrib
taweinrib@pomlaw
POMERANTZ, LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
*Counsel for Plaintiffs, [Proposed] Lead Plaintiffs, Brian A. Hellings and the Ann Hellings 2016 Trust, and [Proposed] Lead Counsel for the Class*

Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
POMERANTZ, LLP
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel:  (312) 377-1181
Fax:  (312) 377-1184
*Counsel for Plaintiffs*

Peretz Bronstein
peretz@bgandg.com
BRINSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone:  (212) 697-6484
Facsimile:  (212) 697-7296
*Counsel for Plaintiffs*

Naumon A. Amjed
namjed@ktmc.com
Ryan T. Degnan
rdegnan@ktmc.com
Melissa L. Troutner
mtroutner@ktmc.com
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
*Counsel for Lead Plaintiff, Joseph William Oldknow and [Proposed] Lead Counsel for the Class*

James P. Gitkin
jim@salpetergitkin.com
Florida Bar No. 570001
Joseph H. Rose
joe@salpetergitkin.com
Florida Bar No. 56970
SALPETER GITKIN, LLP
One East Broward Boulevard
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: (954) 467-8622
Facsimile: (954) 691-9862
*[Proposed] Liason Counsel for the Class*

Laurence M. Rosen, Esq.
lrosen@rosenlegal.com
Fla. Bar No. 182877
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
*Counsel for [Proposed] Lead Plaintiffs,
Christopher Kiernan and James Pollard and
Class*

Brian P. Miller, FBN 0980633
brian.miller@akerman.com
Samantha J. Kavanaugh, FBN 0194662
Samantha.kavanaugh@akerman.com
Ross E. Linzer, FBN 73094
Ross.linzer@akerman.com
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
Tel: (305) 374-5600
Fax:  (305) 374-5095
*Counsel for Defendant, The GEO Group,
Inc.*

MIA_ACTIVE 4555377.2